J-S54022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD P. MAZEFFA | |
| Appellant | No. 3404 EDA 2014 |

Appeal from the PCRA Order November 10, 2014
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0001213-1986

BEFORE:  BOWES, J., PANELLA, J. and FITZGERALD[*], J.

JUDGMENT ORDER BY PANELLA, J.                    **FILED JUNE 28, 2016**

On February 28, 1986, Appellant shot and killed his grandfather and grandmother. At the time of the murders, Appellant was just four months shy of his eighteenth birthday.

The trial court sentenced Appellant to life without parole. This Court affirmed the judgment of sentence on December 21, 1987.

On August 3, 2012, Appellant filed his first PCRA petition. Appellant claimed relief under **Miller v. Alabama**, 132 S.Ct. 2455 (2012). In **Miller**, the Court held that "mandatory life-without-parole sentences for juveniles violate the Eighth Amendment." **Id**., at 2464. Appellant filed his petition

_____

[*] Former Justice specially assigned to the Superior Court.

within 60 days of the decision, and argued that **Miller** should be applied retroactively and that he should be sentenced anew.

Appellant's petition was denied by the PCRA court as untimely. We affirmed on September 29, 2015, relying on the Pennsylvania Supreme Court's decision in **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013). There, the Court held that **Miller** did not apply retroactively. Because **Miller** did not apply retroactively under **Cunningham**, we ruled that Appellant could not rely on **Miller** or § 9545(b)(iii) to establish jurisdiction over his untimely PCRA petition.

Appellant filed a petition for allowance of appeal in our Supreme Court. While the petition for allowance of appeal was pending, the United States Supreme Court decided **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), finding that **Miller** recognized "a new substantive rule of constitutional law" and should apply retroactively. **Id**., at 729. Given that holding, Appellant filed in our Supreme Court a petition for remand of his case to the Court of Common Pleas of Bucks County. Shortly after the filing of the petition for remand, our Supreme Court entered an order citing **Montgomery** and vacating our memorandum decision and remanding for further proceedings consistent with **Montgomery**. **See Commonwealth v. Mazeffa**, 966 MAL 2015, Order, 2/25/16.

It is clear that in light of **Montgomery** Appellant is entitled to relief. Accordingly, we reverse the PCRA court's order dismissing Appellant's

petition, vacate the judgment of sentence and remand for re-sentencing pursuant to **Miller** and **Montgomery**.

Order reversed. Judgment of sentence vacated. Case remanded for re-sentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/28/2016